Jesse Beaudette, Esq.
Ryan T. Heuwinkel, Esq.
BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana  59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email:  mail@bebtlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> -vs.- <br><br> J. BURNS BROWN OPERATING CO., MONTANA DEPARTMENT OF ENVIRONMENTAL QUALITY, and BUREAU OF LAND MANAGEMENT, <br><br> Defendants. | Cause No. CV-18-_____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff BITCO General Insurance Corporation ("BITCO General"), pursuant to 28 U.S.C. §2201, *et seq*., by and through its undersigned counsel, and for its Complaint for Declaratory Judgment against Defendants J. Burns Brown Operating Co., Montana Department of Environmental Quality, and Bureau of Land Management, alleges as follows:

## STATEMENT OF THE CASE

1. This is an action by Plaintiff BITCO General for a declaration that BITCO General has no obligations to Defendant J. Burns Brown Operating Co. ("J. Burns") under a commercial umbrella policy of insurance that BITCO General issued to J. Burns, in connection with the clean-up of an oil spill that took place in Blaine County, Montana. The Montana Department of Environmental Quality has ordered that J. Burns, as the operator of the subject crude oil production well, remediate the subject oil spill. J. Burns seeks insurance coverage from BITCO General under the commercial umbrella policy in connection with the costs to remediate the subject oil spill.

## JURISDICTION AND VENUE

2. BITCO General is an Illinois corporation with its principal place of business in Davenport, Iowa and is authorized to transact business in the State of Montana.

3. Defendant J. Burns is a Montana company with its principal place of business in Havre, Hill County, Montana.

4. Defendant Montana Department of Environmental Quality ("DEQ") is an agency of the State of Montana and is responsible for administering most of Montana's environmental regulatory, environmental cleanup, environmental monitoring, pollution prevention, and energy conservation laws.

5. Defendant Bureau of Land Management ("BLM") is an agency within the United States Department of the Interior and is responsible for managing federal public lands and resources.

6.     This matter is brought pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and fees, and this action is between citizens of different States.

7.     Venue lies in this forum pursuant to 28 U.S.C. §1391(a)(2) because the claims herein alleged are substantially related to events occurring in this district.

8.     Venue is proper in the Great Falls Division pursuant to L.R. 3.2(b) because the claims alleged herein are contractual in nature and, pursuant to Mont. Code Ann. § 25-2-121, the proper county for trial would be Hill County, the location of defendant J. Burns' residency, or Blaine County, the location where the loss occurred. Pursuant to L.R. 1.2, both Blaine County and Hill County lie within the Great Falls Division.

9.     Defendants DEQ and BLM are named in this Complaint as necessary parties to this action.

## THE INSURANCE POLICY

10.    BITCO General issued the following Commercial Umbrella Policy to J. Burns (the "BITCO General Umbrella Policy"):

| Policy No. | Policy Period |
|---|---|
| CUP 2 811 506 H | 09/01/16 - 09/01/17 |

A full and complete copy of the BITCO General Umbrella Policy issued to J. Burns is attached hereto as **Exhibit A**.

## THE UNDERLYING CLAIM

11. On June 23, 2017, the DEQ issued a "Notice of Violation" to J. Burns regarding the "Crude oil spill from Listou 21-35-18B production site onto BLM land, north of Chinook, Blaine County, Montana." A copy of the DEQ's "Notice of Violation" is attached hereto as **Exhibit B**.

12. According to the Notice of Violation, on March 30, 2017, the DEQ was informed of a release of crude oil and production water from an oil well production site that discharged into a "tailwater" or "toe" of the North Chinook Reservoir located in Blaine County, Montana. See Exhibit B.

13. In its Notice of Violation, the DEQ states that the crude oil production well and associated production operation was operated by J. Burns. See Exhibit B.

14. In its Notice of Violation, the DEQ asserts that the areas impacted by the oil spill include a short-grass prairie upland, and a wetland that is part of the tail-waters of the North Chinook Reservoir. See Exhibit B.

15. According to the Notice of Violation, BLM owns the surface land on which the spill occurred. See Exhibit B.

16. In its Notice of Violation, the DEQ alleges that under the Montana Water Quality Act ("WQA"), it is unlawful to cause pollution of any state waters, and the release of the subject crude oil and produced water where it has impacted surface water constitutes a violation of the WQA. The DEQ further asserted that "Because it is DEQ's determination that [J. Burns'] operations caused the crude

oil contamination of surface waters at the site, the DEQ hereby issues to [J. Burns] this violation letter pursuant to § 75-5-617(1)(a), MCA." See Exhibit B.

17. In its Notice of Violation, the DEQ sets forth various requirements and comments regarding the site and remediation plan previously submitted by J. Burns. The DEQ asserts that if J. Burns fails to comply with the requirements set forth in the Notice of Violation, the DEQ would be statutorily required to issue an administrative order or commence a civil action requiring compliance, which could also include the assessment of penalties and costs. See Exhibit B.

18. J. Burns first notified BITCO General of the subject oil spill on or about March 30, 2017.

19. BITCO General has been defending and indemnifying J. Burns in connection with the subject oil spill, the DEQ's Notice of Violation, and the government mandated remediation of the spill under a Contamination or Pollution Coverage endorsement to a primary liability policy of insurance issued to J. Burns by BITCO General.

20. The applicable $100,000 limit of liability of the Contamination or Pollution Coverage endorsement to BITCO General's primary liability policy of insurance will soon be exhausted by indemnity payments that BITCO General has been making in connection with the oil spill and the DEQ's pollution claim in connection therewith. BITCO General does not seek relief in connection with the primary policy in this litigation.

21.  Upon the exhaustion of the applicable limit of the primary policy, J. Burns has demanded coverage for the subject pollution claim under the BITCO General Umbrella Policy.

22.  An actual controversy exists between BITCO General and J. Burns regarding whether BITCO General owes any defense or indemnity obligations to J. Burns under the BITCO General Umbrella Policy with respect to the remediation costs, or any other costs, asserted by the DEQ, or any other party or entity, in connection with the subject pollution claim.

### COUNT I - DECLARATORY RELIEF – THE POLLUTION EXCLUSION CONTAINED IN THE BITCO GENERAL UMBRELLA POLICY BARS COVERAGE TO J. BURNS

23.  BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 22 of this Complaint.

24.  The BITCO General Umbrella Policy contain the following exclusion from coverage:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**POLLUTION EXCLUSION - FOLLOW FORM**

It is agreed that this policy does not apply to:

(1)  "Bodily injury," "property damage" or "personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time; or

(2)  Any loss, cost, or expense arising out of any:

(a)  Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

   (b) "Claim" or "suit" on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants."

This exclusion does not apply if insurance for such "bodily injury," "property damage" or "personal and advertising injury" is provided by "underlying insurance" at the limits shown in the schedule of "underlying insurance."  Coverage for such "bodily injury," "property damage" or "personal and advertising injury" is subject to the same limitations as the "underlying insurance."

The definition of "underlying insurance" does not include insurance coverage afforded by:

GENERAL LIABILITY - COVERAGE D. - LIMITED POLLUTION COVERAGE;

AUTOMOBILE LIABILITY - ENDORSEMENT CA 9948 - BROADENED COVERAGE FOR COVERED AUTOS; or

AUTOMOBILE LIABILITY - ENDORSEMENT AA 3056 POLLUTION LIABILITY - BROADENED COVERAGE FOR COVERED AUTOS, TRANSPORTATION OF DESIGNATED POLLUTANTS

"Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed

  25. Any alleged property damage with respect to the North Chinook Reservoir or any other land or body of water at issue in the DEQ's Notice of Violation arises out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants."

  26. Any loss, cost, or expense sought from J. Burns or ordered to be paid by J. Burns arises out of a request, demand or order by the DEQ that J. Burns test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants."

27. As such, the pollution exclusion contained in the BITCO General Umbrella Policy applies to exclude coverage with respect to any such property damage, loss, cost, or expense arising out of the subject oil spill or the DEQ's Notice of Violation.

28. None of the stated exceptions to the pollution exclusion contained in the BITCO General Umbrella Policy are applicable to the DEQ's pollution claim asserted against J. Burns.

29. Accordingly, BITCO General has no duty to defend or indemnify J. Burns under the BITCO General Umbrella Policy with respect to the DEQ's Notice of Violation or any property damage relating to the subject oil spill, or the mandated remediation thereof, in connection with J. Burns' operation of the subject crude oil well.

WHEREFORE, Plaintiff BITCO General Insurance Corporation respectfully requests that this Court enter a judgment:

(a) declaring that BITCO General has no obligation to defend or indemnify J. Burns under the BITCO General Umbrella Policy with respect to the DEQ's Notice of Violation or any property damage relating to the subject oil spill, or the mandated remediation thereof, in connection with J. Burns' operation of the subject crude oil well;

(b) awarding BITCO General its costs and disbursements in prosecuting this action; and

(c)   awarding all other and further relief as this Court deems just and proper.

DATED this 19th day of June, 2018.

        /s/ Jesse Beaudette
Jesse Beaudette
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
*Attorneys for Plaintiff*